## HEATH vs. THE STATE.

[INDICTMENT FOR RESISTING PROCESS.]

1. *Competency of mulatto as witness.*—A person whose paternal grandmother was the daughter of two mulattoes, each of whom was the child of a full-blooded negro and a white person, is not (Code, § 2276) a competent witness against a white person.

Heath v. The State.

2. *Presumption in favor of ruling of primary court.*—Where the bill of exceptions, professing to set out all the evidence, does not show that the defendant was proved to be a white person, but affirmatively shows that he was not a slave, the appellate court cannot, for the purpose of curing an error in the admission of a person of mixed blood as a witness, presume that the defendant also was a person of mixed blood.

FROM the Circuit Court of Autauga.

Tried before the Hon. A. A. COLEMAN.

THE indictment in this case charged, that the defendant, Seaborn Heath, "did knowingly and willingly oppose or resist William Chavis, a constable of said county, in attempting to serve or execute a peace-warrant, or writ of arrest, issued by Robert Kerr, a justice of the peace of said county." The facts of the case, as disclosed on the trial, are thus stated in the bill of exceptions: "Legal proof having been made by the State that one William Chavis had been legally elected and duly qualified as a constable of said county, the State then offered said Chavis as a witness, to prove by him that, whilst he was acting as such constable, a peace-warrant, or warrant of arrest, (which was admitted to be in all respects regular and legal,) was placed in his hands, authorizing and commanding him, as such constable, to arrest the said defendant; that he attempted to arrest the defendant under said process, before the finding of the indictment in this case; and that the defendant opposed and resisted him in the execution of the same, and refused to permit him to execute the same. The defendant objected to the competency of said Chavis as a witness, on the ground that he was a person of mixed blood; and showed to the court, that the great-grandfather and great-grandmother of said Chavis were both mulattoes, or persons half-white and half-black, each being the progeny of a full-blooded negro and a white person; that the grandmother of said Chavis was the daughter of said two persons; and that her son, the grandson of said two persons, was the father of said Chavis. On this evidence, the court held said Chavis to be a competent witness, and permitted him to testify, and he did testify to the facts above stated, as proposed to be proved by him; to all which the defendant excepted."

The defendant proved, that the ground of his resistance to the execution of the process in the hands of Chavis, was that the latter, being a mulatto, had no right to exercise the office of constable; and he adduced to the jury the same proof, respecting the genealogy of said Chavis, which he had previously adduced to the court; "some of the witnesses testifying, also, that the said great-grandparents of said Chavis claimed to be of Indian, and not of negro blood." "This being all the evidence in the cause, the court charged the jury, that if they believed the evidence, they must find the defendant guilty; to which charge, also, the defendant excepted."

WATTS, JUDGE & JACKSON, for the prisoner.

M. A. BALDWIN, Attorney-General, with whom were WM. L. YANCEY & SON, contra.

A. J. WALKER, C. J.—The decision of this court in the case of Dupree v. The State, 33 Ala. 380, is decisive against the competency of William Chavis as a witness, if the defendant is a white man. The bill of exceptions does not disclose whether the defendant was a white man. It sufficiently appears from the record that the defendant was not a slave.—See Code, part 4, title 1, ch. 2, art 10. The great body of our free population is white. Those of mixed blood make the exception to the general character of our population. Such being the case, we must presume, the contrary not appearing, that the defendant was not a man of mixed blood.—Smith v. Oliver, 31 Ala. 39.

Judgment reversed, and cause remanded.